## JONES v. ISAACSON.

### No. 13570.

United States Court of Appeals
Ninth Circuit.

Nov. 20, 1952.

410

Bogle, Bogle & Gates, Robert V. Holland, Seattle, Wash., for appellant Isaacson.

Evans, McLaren, Lane, Powell & Beeks, Vaughn Evans, Seattle, Wash., for appellant Jones.

Before HEALY, BONE and POPE, Circuit Judges.

PER CURIAM.

This was a motion for leave to make new proof by taking the depositions of certain named witnesses for use on this appeal pursuant to the rules of this Court relating to appeals in admiralty.

It appears from the application that on the trial below these witnesses were called by the party now making this motion and objections to questions propounded to them were sustained by the trial court. It is said that upon such refusal to allow the witnesses to testify the court also refused to allow the testimony to be taken by the court reporter pursuant to Rule 46B of the Admiralty Rules, 28 U.S.C.A. Thereupon the party producing the witnesses made offers of proof.

We observe that the moving party considers that it is required to make this motion in order to preserve its right to claim error because of the rule stated in The Santa Clara, 2 Cir., 281 F. 725, 736, 737. There it was suggested that a party in a case in admiralty does not preserve his record by a mere offer of proof, but that he must make a motion of the kind now presented to us.

The statement, which has attained great antiquity, that on an appeal in admiralty there is a trial de novo, has in modern times ceased to have much practical application in cases where the facts are found by the district court after hearing conflicting evidence. See Admiralty Rule 46½. See also Petterson Lighterage & Towing Corp. v. New York Central R. Co., 2 Cir., 126 F.2d 992, 994; Johnson v. Cooper, 8 Cir., 172 F.2d 937, 941; Hutchinson v. Dickie, 6 Cir., 162 F.2d 103, 106. The better considered cases in this court follow the same rule. United States v. Apex Fish Co., 9 Cir., 177 F.2d 364, 368. Motions of the sort now presented to us are practically unknown in this court.

We think that if the trial court was in error in rejecting the offered testimony, a proper final disposition of the case would be to permit the trial judge to take the testimony of those witnesses in open court. If we should ultimately conclude that this testimony should have been taken, we would be loath to try to weigh it against the testimony which was taken in the district court and arrive at findings of fact of our own.

Accordingly, we are constrained to hold that by the making of this motion the moving party has sufficiently protected his record, and that there is no need for actually taking such depositions. If upon final determination of the appeal, this court shall conclude that the rejected testimony should have been taken, this court may make such appropriate disposition of the case as the circumstances may require, free from any limitations such as suggested in the case of The Santa Clara. We are not expressing any views as to whether this court would or would not approve the rule of that case.

Accordingly, and in the light of this order, the motion is denied.